UNITED STATES v. THIRTY BARRELS OF DISTILLED SPIRITS. See Case No. 15,946.

## Case No. 16,460.

### UNITED STATES v. THIRTY-FIVE BARRELS OF HIGHWINES.

[2 Biss. 88;[1] 9 Int. Rev. Rec. 67.]

District Court, N. D. Illinois. Jan., 1869.

INTERNAL REVENUE — DISTILLERS' BONDS, BOOKS, AND TAX.

1. When a distiller has given the bond required by the 7th section of the act of July 20, 1868 (15 Stat. 125), in regard to excise duties, which bond has been approved by the assessor, the neglect to file the plans and descriptions prescribed in the 9th section does not bring him within the penalty of the 7th section for failure to give the bond required by law.

2. It was the duty of the assessor to see that the preliminary things were done, and, after he had passed upon the bond, the distiller was justified in proceeding upon the belief that the requirements of the statutes had been complied with.

3. Under the clause requiring that he should "make and execute a bond in form prescribed by the commissioner of internal revenue," until a form had been prescribed, it was sufficient for him to give a bond in the form and with the condition contained in the statute.

4. Under the 19th section, directing the keeping of books, etc., the distiller is bound, even though the commissioner has prescribed nothing as to the form, to keep books showing the facts prescribed by the statute; but, to bring him under the penalty, the failure or omission to keep books and make the proper entries must be with intent to defraud—which intent the prosecution must establish affirmatively.

5. The payment of the tax prescribed in the 59th section is not a condition precedent to commencing business, and the penalty is not incurred until after assessment, demand and refusal.

[Distinguished in U. S. v. Clare, 2 Fed. 56.]

Information for a forfeiture against thirty-five barrels of highwines, the property of Geo. P. Frysinger, and seized in his distillery at Rock Island, for alleged violation of the revenue laws.

Jesse O. Norton, U. S. Dist. Atty.

Wm. C. Goudy, George C. Bates, and Leonard Swett, for defendants.

DRUMMOND, District Judge. This is a proceeding under the act of July 20, 1868, which is entitled "An act imposing taxes on distilled spirits and tobacco, and for other purposes." It is the first prosecution that we have had in this court under this act. A seizure was made by the collector of the fourth district, of certain property used for the purpose of distilling, and thereupon an information has been filed in court, which alleges certain causes of the seizure. Those causes are set forth in the law as reasons for a seizure. The seventh section of the law provides that every distiller should, on filing his notice of intention to continue or commence business with the assessor. before proceeding with such business, after the passage of the act, make and execute a bond in the form prescribed by the commissioner of internal revenue, with at least two sureties to be approved by the assessor. The penal sum of the bond was to be not less than double the amount of tax on the spirits that could be distilled in the distillery for fifteen days, and in no case was to be less than the sum of $500. The condition of the bond was to be that the principal should faithfully comply with all the conditions of the law in relation to the duties and business of distillers, and should pay all liabilities incurred, or fines imposed upon him for a violation of any of the said provisions; and some other conditions were annexed.

The first of the reasons set forth in this information is that George P. Frysinger, who was running the distillery which was seized, and using the property therein for the purpose of distilling, carried on that business, and failed to give the bond required by law. The question to be determined under this part of the information is, whether he carried on the business of distilling without giving the bond required by law. The ninth section of the law declares that every distiller and person intending to engage in the business of distilling shall, previous to the approval of his bond, cause to be made, etc., an accurate plan and description of the distillery, etc. It is true that the assessor could require this to be

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

done, and it was the duty of the distiller to do that which the ninth section imposed upon him before the bond was approved; but the information is not for a violation of the ninth section, but for a violation of the seventh section, namely, the failing to give the bond required by that section. Has the claimant been guilty as charged in this part of the information?

The evidence on this point is substantially this: That on the 2d day of September, 1868, Mr. Frysinger applied to the assessor, giving notice of his intention to run his distillery, and also delivering to him a bond, in the penalty of $18,000, with certain parties as sureties, which bond, the assessor says, was satisfactory to him. The language of the assessor, Moses M. Bane, is: "Frysinger delivered to me, also, a bond which was satisfactory to me." The assessor also says that, whilst at Rock Island, where he was when this bond was delivered to him, he telegraphed to the commissioner of internal revenue, stating in substance that two distilleries at Rock Island, one of them Frysinger's, had, as he understood it, complied with the law, and inquiring whether they could then start their distilleries; that to this dispatch a reply was received on the next day, saying that they could not; that, on receiving the reply, he informed Mr. Frysinger that before starting he must await further orders from the assessor; that he informed Frysinger that when the bond was approved, he having already complied with the other requisites of the law, as he understood it, he would, in three days after such approval, be authorized to commence operating his distillery, and would be taxed from and after three days after the approval of said bond; that on the 15th day of September he wrote the following letter, addressed to the commissioner of internal revenue: "I send herewith plans and surveys of the distilleries of Terence Maguire and George P. Frysinger, in Rock Island county. Their bonds will be approved on the 21st instant, and on the third day thereafter they will be charged as distillers, under the act of July 20, 1868, unless orders to the contrary are received from your office. Very respectfully, M. M. Bane, Assessor." Having received no instructions from Washington, on the 21st day of September, 1868, he wrote the following letter, by his clerk: "George P. Frysinger, Esq., Rock Island: Sir: Your bond, as a distiller, under the act of July 20th, 1868, was approved to-day. Very respectfully, M. M. Bane, Assessor." It seems to me if those facts are established to your satisfaction, it can hardly be said that he failed to give a bond as required by law.

It is to be observed that this is a proceeding against Frysinger's property. He must have done some act which would cause a forfeiture, and thereby affect his pecuniary interest. He could only act under the information which was before him. No objection

was made by the proper officer whose duty it was to receive and approve the bond. On the contrary, when it was handed to him on the second day of September, he said it was satisfactory to him; no criticism was made upon the form of the bond, penalty, security, or anything of the kind. Mr. Frysinger had been notified that when he received information that his bond was approved, he might proceed with his work, and that he would be assessed within three days thereafter. He was so notified and, therefore, it can scarcely be said, under this state of facts, about which there is no controversy, that he failed to give a bond as required by law. What did the law require which he had not done? It may be said that the law required him to do certain things under the direction of the assessor, in relation to his distillery, before the latter should approve of his bond, but he had given the bond, he had been notified that it had been approved, and after all this was done it would seem hard to forfeit his property because then he had not done what the officer whose duty it was to pass upon his bond had declared officially that he had done. If the court or jury could see that in the giving of the bond he had failed to comply with the law, or had given intentionally a different bond from what the law required, there would be some ground for claim of forfeiture of the property, because then the bond required by law had not been given; but, as I understand, nothing of this kind is shown or claimed. Whether, in point of fact, the bond had been approved or not, it seems to me, is immaterial; it would be the grossest injustice to forfeit a man's property because the assessor had failed to do that duty which he had informed him had been done—namely, the approval of the bond; as to him the bond was approved. Again, the seventh section declares that the bond should be in such form as was prescribed by the commissioner of internal revenue, and it does not appear that he had, up to this time, prescribed any form. Admit that to be so. The only effect of that, as I conceive, is this: that whenever the commissioner of internal revenue did prescribe a form of bond, then it would be the duty of the distiller to give it in that form, and until he did so prescribe, it was sufficient if the distiller gave a bond in the form and with the condition contained in the statute, and that was received by the competent officer, and the notification of its approval given to him.

So much for the first clause of seizure, as set forth in the information.

The second clause is, that the claimant, being a distiller, after the 20th of July, omitted to provide the books required by law, in which were to be set down his business transactions, with intent to defraud the United States. The nineteenth section provides that every distiller should from day to day make, or cause to be made, true and exact entry in a book or books to be kept by him, in such

form as the commissioner of internal revenue may prescribe, of the kind of materials, and the quantity of pounds, bushels and gallons purchased by him for the production of spirits, from whom and when purchased, and by what conveyance delivered, etc. This was to be done, also, in the form prescribed by the commissioner of internal revenue. It does not seem that any form was prescribed, and the court has held, heretofore, and now holds, that even where the commissioner of internal revenue does not prescribe the form, that does not excuse the distiller from providing books and making therein the entries demanded by law. The only effect of it is, that the commissioner of internal revenue may prescribe the form. When he does, that form is to be followed.

It is conceded that, as to this cause alleged in the information, the books were not provided, and entries were not made as required by law. The only question under this part of the information is whether this omission on the part of the claimant was with the intent set forth in the specification, namely, to defraud the United States. That is an affirmative fact, which it is necessary for the prosecution to establish. It is not enough that he failed to provide and make the proper entries in the book; that failure and omission must be with the intent to defraud the United States. If the intent is wanting, then this cause alleged in the information, falls as a proper cause for seizure.

The third cause alleged in the information is that the claimant, as a distiller, after the 20th of July, did not pay the special tax required by law. The position taken by the district attorney is, that the fifty-ninth section of the law, that the following special taxes shall be and are hereby imposed, that is to say distillers producing one hundred barrels or less of distilled spirits, counting forty gallons of proof spirits to the barrel within the year, shall each pay four hundred dollars, &c., * * * and that this payment was a condition precedent to the commencement of the business of distilling; in other words, that before a distiller could operate his distillery he must pay a tax of four hundred dollars. The question is, whether that is a fair interpretation of the law. Considering the severe penalties that are imposed by this law for the non-payment of the special tax, that it may involve not only a forfeiture of property but a loss of liberty, I think no court ought to construe it so strongly against the party to be affected by it, except on the construction of the language itself. I must say that I have failed to find that clear, unmistakable language in this law, to indicate that the distiller, before he starts his distillery, should go to the office and pay the $400, without a word being said to him, without any levy or assessment or demand, or anything of the kind. It would be competent, undoubtedly, for the law to require it. It would be competent for congress to impose such severe penalties, but unless the language of the statute is not capable of any other construction, I do not think that the court ought to draw such a conclusion from it. It may be that it is competent for the proper officer to demand this from a distiller, as a pre-requisite to beginning operations. It may be that it is competent for him, immediately after the distiller has commenced operations, to assess the tax against him and demand it, and on his refusal to pay it that the penalty would follow. But I think, on looking at the language of the law, before such a penalty could be visited upon the property or the person of the individual, that this assessment should be made, and that there should be a demand also upon the distiller, and a refusal by him. Nothing like that is shown in this case, and in the absence of anything of the kind being shown, it does seem to me that it would be an injustice to visit either the claimant or his property with such severe penalties.

I think this view of the case derives additional force from the fact that the language of the law as to giving the bond is clear and distinct. The bond must be given before the distiller can commence operations. That is clearly a condition precedent. But here all that the law says is, that the special taxes assessed shall be paid; that they shall be paid as required by law, and, if not, then certain consequences shall follow. Precisely when they shall be paid is not distinctly set forth in the law, and the presumption is, I think, that they are payable when demanded by the proper officer. Besides, the distiller has given a bond adjudged to be sufficient by the assessor, and on that bond he and his sureties are liable as well for all special as other taxes.

The last cause alleged in the information is, in general terms, that the claimant carried on the business of a distiller with intent to defraud the United States. So that the information may be divided into two parts: One that the claimant did not file a bond and pay the special tax as required by law; the other, that he carried on the business of distilling, and omitted to provide himself with books, and make the proper entries, with intent to defraud the United States—one being the omission to do what the law required; the other being the doing of certain acts, or failing to do them, with intent to defraud the government. A few observations on this fraudulent intent will close what I have to say to you upon the case. Fraud is not to be presumed. It must be established. But it may be established, indirectly, by circumstances, as well as by direct evidence. But those circumstances must necessarily tend to the conclusion that there is fraud. If they do, then they are often as satisfactory as positive evidence of the fraud. In relation to the omission to provide the books as re-

quired by law, it would seem, if you believe the testimony of one of the witnesses, that Mr. Frysinger spoke to him about the books, and that witness, who was an officer, told him to go on and keep the books as he had done under the old law. If this be so, it would hardly be contended, I think, that this omission was with the intention to defraud the government, unless there was an omission to make an entry with that view. If there was, then, as a matter of course, the case is made out, because it might be true that the claimant might not know precisely in what form the books were to be kept; might omit to provide himself with the proper books through ignorance, and yet if he did in point of fact, not knowing what the kind of books ought to be, make entries in the books he had, with intent to defraud the government, he would be guilty. So that the only thing, as it seems to me, that you have to inquire of on this part of the case is whether he has been guilty of a fraud, either in not providing books or in making or omitting entries in the books.

Various circumstances are relied upon by the prosecution as indicating a fraudulent intent, under the fourth cause set out in the information, that he carried on the business of distilling with such intent. These are the facts—in the first place, that the fermenting tubs did not contain marked upon them their proper capacity; that a portion of the machinery of the distillery was not constructed and located precisely as the law required; that the fences were higher than was required by law; that the proper bar required by law was not placed across the door, and that some of them had not the proper locks. This cause in the information, standing, as it does, before you, and proof being admitted under it, if there is any proof in the case which satisfies you that the fraudulent intent has been made out against claimant, then it would be your duty under this fourth charge to so say and find for the government; so that it may be proper for you to consider all these facts that have been introduced in evidence, and determine for yourselves whether the claimant was guilty of fraud. It is not sufficient, that the fermenting tubs or any other vessels in the distillery were wrongly marked; that the proper bars were not put across the doors, or locks supplied; that the fence was not of the proper height, nor that a portion of the machinery was placed different from what the law demanded. All these together are not sufficient; but there must be connected with them a fraudulent intent. Some one of them must have been done or omitted with the intent to defraud the United States, or there ought not to be a verdict for the government. If, looking at the whole or any part of this evidence, you are satisfied clearly that there was a fraudulent intent, then it is your duty to say so, under this last cause stated in the information.

The jury found for the defendant.